The action stood continued nisi, and at the following March term, at Boston, the opinion of the Court was delivered by
Sewall, J.
It is manifest upon these pleadings, that the plain tiff demands the fruits of an obligation obtained colore officii; and to maintain his action, it must be shown that the demand has arisen in the course of the legal duties, or is justified by some authority of his office; for otherwise it is a means of extortion, and being * against sound policy, is void by the principles of [ * 542 ] the common law (1).
It was argued for the plaintiff that, in support of this obligation, the Court will presume nothing to the contrary appearing upon the record, that the arrest was upon a civil process, in serving which, it was the duty of the constable to deliver the party arrested upon sufficient bail.
The arrest is recited to be by virtue of a warrant granted by a justice of the peace; which seems technically to describe a process criminaliter, and to exclude any presumption of a civil suit. But we think this presumption is not to be made, when the condition has no recital of any party entitled to the bail-bond, or at whose suit the arrest has been made; or the amount of the debt or damages demanded, or when or where the supposed process was returnable ; circumstances essential to be stated, or which must appear, substantially at least, in a lawful bail-bond (2). And it may be added here, that the permission by the officer to his prisoner, to go at large aftei *420 his arrest, amounted to a.voluntary escape; and that the bond, which may be considered as intended to protect him against the consequence of his own malfeasance, is void at law.
And upon the whole, the opinion of the Court is, that the plaintiff had no legal title to the bond declared on, in exercising the office, by which it was obtained, and that the same is void.

Declaration adjudged bad.

Thomas, for the defendants.

 Com. Dig. title Pleader, 2 W. 25. — Hard. 464. — 2 Salk. 438.

 1 Wils. 284.