'*'íí^^pNrM%í' THE Co.URT, BY
JÜDGí>Om%EY.
. .THIS was a scire facias, brought by Harris upon lile ^iowiiig acknowledgment by Simpson, on a capias aa respondendum, which issued from the clerk’s office of tire Estill.circuit court, in . favor of Harris, agains’t Lewrt Jp.nps, and directed, to the sheriff of Estilizopnty: í dp, hereby acknowledge myself special b.apftbf the within named Lewis Jones, in the suit herein'named, witn.es? my hand and seal, this 24th of January . ,-To the scire facias Simpson pleaded, that judgment oaght not to be rendered, and execution issued against him in this case, because, he says, that the original writ of capias ad respondendum in favor of Harris, against Lewis Jones, in the scire facias mentioned, was directed to the sheriff of Estill county, and that the said, sheriff, to wit, William Beatty, had said Lewis Jones- in custody, in the town of Richmond and county of Madison, on the day and date of said recogni'zaric|, and'that he, the said Simpson, then and there,ihVit, at Richmond, in Madison county, and not in Estill county,, entered into said recognizance, and this he is ready to verify, &c.
To this plea Harris demurred, and the demurrer beiHÉjjÉjoined, judgment was rendered by the co"urt in favofof Simpson. To reverse that judgment, this writ of error has been prosecuted,
Unless, upon some technical rule of pleading, the defendant is estopped to allege the matter contained in his plea, there can be no serious doubt, but that- the court below was correct in the judgment which it rendered against the plaintiff upon his demurrer. Whenever bail is required of a defendant, the sheriff may, no doubf, whilst in the regular discharge of his official functions, upon executing the writ, receive from the bail such an,acknowledgment as that upon which the scire facias in this case is founded; and the acknowledgment, when so received, will, under the £ct of the legislature, have the force of a recognizance of special bail. 1 Dig. L. K. 257. But, to have the force of a yecogni^ance, the acknowledgment must, we appre- *166 > hend, be received. by the sheriff whilst acting within the legitimate limits of 'his official ddtj. Beyond the .limits of his county, a sheriff derives no authority ftp'm ány writ to him directed-: and the act alluded'to,1 fias conferred upo% him no power to receive acknowledgments from special bail, beyond those limits. Whatever may, therefore, be done by a sheriff in executing a w>rit, or receiving thereon the acknowledgment of special bail, out of the county of which he is sheriff, is extra official and inoperative.
■ But the pijjji in this case charges the fact, that the ac-knowledgmeft upon which the s'dre facias is founded,, was received by the sheriff out of the county of Estilf, of which he was sheriff; and the question occurs, is it competent for the defendant to avail himself of that matter by way of defence to the scire facias ?
We apprehend it is. Were it even conceded to be incompetent for the defendant to traverse the return of the sheriff upon the writ in the original action, it would not thence follow, that the plea in question should not be sustained; for, instead of traversing the return of the sheriff, the plea admits that the defendant made the ac-knówledgment contained on the original writ, and upon-which the scire facias is founded; and by alleging matter foreign from the return, the plea attempts to avoid’ the operation of that acknowledgment as a recognizance-of special bail.
J udgment affirmed with costs.