RENSSELAER GENERAL TERM, November, 1849.	*Wright,*
*Watson, and Parker,* Justices.

## CADWELL *vs.* COLGATE and others

Where an attachment was issued against a non-resident debtor, on affidavits which were insufficient to confer jurisdiction on the officer issuing it, and after a levy made by the sheriff on the property of the debtor, the latter procured its release by executing and delivering a bond with sureties, reciting the issuing of the attachment, and conditioned as required by statute, for the payment of the debt, with interest, costs, &c. the bond was adjudged to be void.

Where a suit is brought on such bond, by the creditor against the debtor and his sureties, the defendants are not estopped from setting up the invalidity of such bond and availing themselves of the ground that the proceedings under which the property was seized, were void.

DEMURRER. The declaration was on a bond taken under sections 57 and 58, 2 *R. S.* 3d ed. *p.* 72. The first count set forth a proceeding in favor of the plaintiff, a resident of this state, against William Woodworth as a non-resident debtor, by attachment issued on the 25th of August, 1846, by Frederick P. Stevens, Esq. first judge of Erie county, counsellor, &c. The substance of the application was set forth in due form, and the further averment that there was attached to said application an affidavit sworn to before said first judge on the day last aforesaid, in which it was set forth that said plaintiff then had a demand against the said Woodworth personally, arising upon contract made in the state of Indiana, amounting to $100 and upwards, and that the said Woodworth was then indebted to the said plaintiff in the sum of $2267,22, over and above all discounts, and that the said Woodworth was not then a resident of this state, but that he then resided at Lafayette in the state of Indiana, or elsewhere out of the state of New-York.

And it was further set forth in the declaration that there was annexed to said application another affidavit sworn to on the day last aforesaid, before the said first judge, by John C. Hayward and Solomon Drullard respectively, who were the persons of that name mentioned in the application, in and by which affidavit last mentioned each of said persons last named stated

and swore *that said Woodworth then resided at Lafayette in the state of Indiana, or elsewhere out of the state of New-York, as each of said persons verily believed to be true,* and that neither said Hayward nor said Drullard were interested in said application. The declaration further averred the issuing of the warrant of attachment, and that on the same day of the delivery thereof to the sheriff of the county of Erie to be executed, Woodworth applied to said judge for an order to discharge the warrant, and that for the purpose of procuring such discharge the bond sued on was made by the defendants in this suit, and duly acknowledged and delivered to said judge, who approved the same, and thereupon made his order discharging the attachment.

The bond was in the penal sum of $4415,44, recited the proceedings before the judge, and was subject to a condition to pay Cadwell the amount justly due and owing to him at the time he became an attaching creditor on account of any debt claimed and sworn to by said Cadwell, with interest, costs, &c.

The declaration then averred the indebtedness from Woodworth to Cadwell. To the first count of the declaration the defendant demurred; and the plaintiff joined in demurrer. To the second count there were pleas presenting the same facts as were set forth in the first count, and a demurrer to the plea, and joinder.

*A. Taber,* for the defendant.

*N. Hill, Jr.* for the plaintiff.

*By the Court,* PARKER, J. The defendants contend that an action can not be maintained on the bond given to procure the release of the goods from the attachment, on the ground that the proceedings were void, for the want of a proper affidavit to authorize the issuing of the attachment. The witnesses stated, in their affidavit, that the said Woodworth then resided at Lafayette in the state of Indiana, or elsewhere out of the state of New-York, *as each of said persons verily believed to be true,*

---

Cadwell *v.* Colgate.

---

&c. This was clearly insufficient to give jurisdiction. The statute requires that *the facts and circumstances* to establish the grounds on which the application is made shall be verified by the affidavit of two disinterested witnesses. (2 *R. S. 3d ed.* 64, § 5.) Here no fact or circumstance was stated; and it is no proof whatever for a witness to state his *belief* of a fact. A man may be able to swear to his belief, when he has no personal knowledge of the facts necessary to be established. Such testimony is never received in a court of justice. In *Ex parte Haynes*, (18 *Wend.* 611,) the witnesses stated in their affidavit that they *were informed and believed* that the debtor was a non-resident, and the attachment was set aside for the want of jurisdiction. The case now under consideration is still more defective, as the witnesses do not even state their *information* on the subject. On this point the law is well settled. (*Smith* v. *Luce,* 14 *Wend.* 637. *Ex parte Robinson,* 21 *Id.* 672. *Kingsland* v. *Corwin,* 5 *Hill,* 611. *In the matter of Bliss,* 7 *Id.* 187. *Thatcher* v. *Powell,* 6 *Wheaton,* 119. *Williamson* v. *Doe,* 7 *Blackf.* 12. *Matter of Faulkner,* 4 *Hill,* 598.)

But it is said that although the attachment was void, the *bond* is valid. After the issuing of the attachment the party proceeded against applied to the judge for an order to discharge the warrant, which was granted on executing the bond in suit, which was duly acknowledged and approved. Under such circumstances does the bond fall with the other proceedings? The plaintiff contends that the defendants are estopped from denying the issuing of a valid attachment, because it was recited in the bond that an attachment was issued. *Love* v. *Kidwell,* (4 *Blackf. R.* 553,) cited by the plaintiff's counsel, was on an attachment bond. The declaration set out the condition of the bond, which after reciting that Kidwell, one of the defendants, had issued a writ of foreign attachment against the plaintiff, stipulated that if Kidwell should prosecute his said writ, &c. against Love to final judgment, and pay all damages that might be sustained by him, provided the proceedings should be wrongful and oppressive, then the bond to be void. One of the pleas interposed was that no writ of attachment ever issued; to which

the plaintiff demurred. The court said " The plea, that no writ of attachment was ever sued out, is bad, because it denies a fact which is admitted to have existed by the condition of the bond, which is set out in the declaration. The plaintiff had a right to avail himself of the estoppel by demurrer. It is not necessary to reply that matter, when it appears by the previous pleading."

In that case, it will be observed, the bond was given by the party suing out the attachment, and he would have no right to question its validity. If it had been void, he would have been liable on the bond for the injury done in suing out void process. There, the bond was for the protection of the person proceeded against. Here, it was given to the attaching creditor, or for his benefit. There it was voluntarily given. Here it was *in invitum.* It would have been no defence to the former bond that a valid writ of attachment had not issued: and the question whether a writ had issued, not going to the validity of the bond itself, the defendant was estopped by the recital. The case cited from Blackford is like that of *Bowne* v. *Mellor,* (6 *Hill,* 496,) where an action was maintained on an attachment bond given by the party procuring a void attachment. The court said " Bowne, who procured the void attachment, was not at liberty to show the irregularity for the purpose of defending the action."

It is undoubtedly a well settled rule that a party who has executed a deed is thereby estopped from disputing not only the deed itself, but every fact which it recites. (*Trimble* v. *The State,* 4 *Blackf. Rep.* 437. *Cowen & Hill's Notes,* 1430, 1460. 3 *J. J. Marsh.* 166. 4 *Id.* 655. 7 *Conn. Rep.* 102.) Thus the obligees in an administration bond were held estopped, by the recital in the bond, to deny the appointment of the administrator. (*Cutler* v. *Dickinson,* 8 *Pick.* 386.) ˙ But such is not the effect of a void bond ; and if it happens that a fact misstated in the bond is the one which the defendant desires to prove for the purpose of establishing the invalidity of the bond, it can not be that a defendant is remediless. If so, the statute of usury could be evaded, by setting forth in the bond that only seven per cent

was agreed to be paid. A bond obtained by duress could not be defended against, if it was set forth in the bond that it was voluntarily given. In short, every bond, however illegal the consideration, could be placed beyond the reach of controversy by a simple recital in its condition. This can not be. A mere recital in a bond can not be made to operate, by way of estoppel, so far as to preclude the obligees from showing the instrument void. Avoiding the deed avoids also the estoppel.

Nor do I think the other positions, assumed by the plaintiff's counsel, are tenable. There was no *estoppel in pais.* Woodworth, by giving the bond and applying to discharge the warrant, did nothing to mislead the attaching creditor; nor did the latter take any step affecting his rights in consequence of the giving of the bond. (9 *Bar. & Cress.* 577. 6 *Pick.* 455.) I think also there was no *waiver* of the jurisdictional defect. The judge had no jurisdiction; and Woodworth did no act to confer any. A trespass had been committed, by levying on his property under void process, and he, acting on the defensive, could not procure its release, except by complying with the forms prescribed by law. He therefore executed the bond, and the assumed power of the officer over the property ceased.

In *Homan* v. *Brinckerhoof,* (1 *Denio,* 184,) a constable, upon an attachment which was void, because no sufficient bond had been given, seized property which was claimed by a stranger who procured the same to be given up, upon executing the bond required in such case; (2 *R. S.* 231, § 33;) and it was held that the plaintiff, being a trespasser in taking the property, could not maintain an action on such bond. There is no distinction in principle between that case and the one now before us. The decision in that case was put on the broad ground that an action could not be maintained on a bond given to obtain the liberation of property illegally taken. If there was an estoppel or a waiver in one case, there was in the other also.

In the *Matter of Faulkner,* (4 *Hill,* 598,) the affidavits on which a foreign attachment issued were insufficient to confer jurisdiction. The debtor applied to the supreme court to set aside the attachment and all subsequent proceedings. It appear-

Cadwell *v.* Colgate.

ed that trustees had been appointed, and the debtor had previously applied for, and had a hearing in the common pleas, pursuant to 2 *R. S. p.* 9, § 43. But the court held that these acts constituted no waiver of his right to have the proceedings set aside as void. Bronson, J. said, " This was not a proceeding *in personam*, or an action where a voluntary appearance would be sufficient to confer jurisdiction over the person although not regularly served with process. It was a proceeding *in rem*, and the debtor only came in to save his property. It was not a case where there could be any such thing as a technical appearance. (*See per Parsons, C. J. in Bissell* v. *Briggs*, 9 *Mass. Rep.* 469 ; *Pawlings* v. *Bird's Ex'rs*, 13 *John.* 192, 207 ; *Cowen &· Hill's Notes*, 908, 1024.) He undertook to prove he was not an absconding or concealed debtor, for the purpose of having the warrant discharged. But I do not see how that could confer jurisdiction on the judge who had previously issued the warrant.

In *Broadhead* v. *McConnell*, (3 *Barb. S. C. Rep.* 175,) a defendant was arrested and brought before an officer under the 4th section of the act to abolish imprisonment and to punish fraudulent debtors. The affidavits on which the warrant was issued were insufficient ; and the defendant objected to the jurisdiction of the officer, on that ground. That objection being overruled, the defendant proceeded to controvert the facts and circumstances on which the warrant was issued : and, afterwards, to prevent being imprisoned, he gave his bond, with sureties, as provided in the 10th section of said act. It was held that he was not estopped from denying the officer's jurisdiction ; nor from setting up his want of jurisdiction as a defense to an action on the bond.

The giving of the bond, then, could not have the effect to confer jurisdiction where, as in this case, there was a total want of it. The bond is a part of the attachment proceedings ; and must stand or fall with it. The officer having no right or jurisdiction to issue the attachment, it follows, of course, that he had no right to take the bond.

I do not put this decision upon the ground that the bond was

void under 2 revised statutes, page 286, section 59, as being taken *colore officii.* It has been held that that provision applies only to securities executed to the officer, and not to those taken to and for the benefit of the parties suing out the process. (*Ring v. Gibbs,* 26 *Wend.* 510. 3 *Greenl.* 161. 8 *Id.* 426. 5 *Mass. Rep.* 541. *Id.* 314. 7 *Id.* 101.) Though in *The People* v. *Meighan,* (1 *Hill,* 298,) a bond taken by a justice of the peace in a prosecution for bastardy, and containing in addition to the provisions required by law, others imposing further obligations on the obligor, was declared within the statute, and adjudged void, as being taken *colore officii.*

This bond would be void, independent of any such statutory provision. There being no jurisdiction there was no bond; the levy was a trespass, and the taking of the bond wholly unauthorized. In *Olds* v. *The State,* (6 *Blackf. Rep.* 91,) a justice of the peace, without any authority by law, appointed a constable and took his bond with surety for the discharge of his duties. The appointment and bond were adjudged void. So in *Commonwealth* v. *Jackson's Ex'r,* (1 *Leigh,* 485,) the hustings court of Williamsburgh, without authority of law, for the act, appointed a collector of the public taxes for the city, and took his bond with surety for due collection, &c. The court of appeals held the bond not valid and obligatory as to the surety at least. In neither of these cases were the bonds taken to the officer or court appointing, or for their benefit.

There should be judgment for the defendant on both demurrers, with leave to the plaintiff to amend, on payment of costs.