## J. Aucoin, Tutor v. J. B. Guillot.

*The surety on an official bond, given in favor of the District Judge, by a father and natural tutor, conditioned for the faithful performance of his trust, is not bound.*

APPEAL from the District Court of the Parish of Assumption, *Cole*, J. *Malliot & Mills*, for Plaintiff and Appellant:

It is a general rule of law, that in whatever manner a man may deem it fit to bind himself so shall he be bound.

This rule like all others has its limitations and exceptions. We will examine first the extent of, and second the exception to the rule as applied to the contract of suretyship.

It is found in the Roman law *Fidejussor accipi potest quoties est aliqua obligatio civilis vel naturalis, cui applicetur.* Vide Pothier Oblig. No. 395; also in the Spanish law, Par. 5th, title 12, law 5; in French law, N. C., Art. 2012; also in our law, C. C., Art. 3005.

The first material interpretation given to the rule by our courts was in the case of *Claiborne v. Dehon* 3, Mar. Rep. 565, in which the question at issue was the legal effect of a bond given by an auctioneer to the government of the territory instead of recognisance, though the latter and not the former was required by law. Says the court, *Mathews*, Judge : "It is clear, from the manner in which this instrument was executed that it is not a recognisance, yet the obligation imposed by it upon the sureties are good and valid according to the general principles of law. The act of the appellees in becoming security for the auctioneer Moran was voluntary ; there is no stipulation or condition in the bond harder than those required by the act of the legislative council; and according to the general principles of our laws one person may bind himself under a penalty for another; for although no obligation is created by a promise *pure de alio,* yet when in promising the act of another, one submits to pay a penalty or merely damages, in case of the inexecution of the promise, it is not to be doubted that in this case he did not understand *de alio tantum promittere,* but that he promised for himself, that he would procure the other to do or give the thing. Therefore Ulpian says: *se quis velit alienum factum promittere pœnam vel quanti ea res est, potest promittere.* Pothier Oblig. No. 56. The appellees are clearly bound by their obligation thus voluntarily entered into, unless there is something illegal or contrary to good morals in the condition ; which is not pretended by them. We are, therefore, of the opinion that the bond is good and valid in law ; as the act of the legislative council does not prohibit the taking a bond different from the one required by its provisions, or declare such to be void; and this opinion is fully supported by the decision in the case of *Morse* v. *Hudson.* 5 Mass. Term Rep. 314.

In like manner though the law requires of a natural tutor only the security furnished by a tacit mortgage on his immovable property, yet it does not prohibit him from furnishing other security if he chooses, nor does it declare such security to be void.

The next case is that of *Lartigue* v. *Baldwin,* 5 Mar. 193, in which it was held that the surety to an attachment bond is bound, though it should appear that, at the time it was subscribed, no such bond was required by law to obtain an attachment. In this case says the court, (Derbigny, J.) "The first position of the defendant (that the bond was not a valid one) is subdivided into several points, most of which tend to show that the bond is irregular ; but such allegations from the mouth of an obligor, ought not to be listened to ; they are silenced by that law, already referred to by this court in other cases, which prescribes, that in whatever manner a person shall appear to have deemed it proper to bind himself towards another so shall he be bound, Recp. de Cast 5, 16. One objection, however, is entitled to more attention than the others ; it is that by which the defendant has endeavored to establish that, at the time this bond was subscribed no such bond was required by law to obtain an attachment, and that this is consequently an obligation without cause.

The premises may be true, but the consequences do not necessarily follow. A voluntary promise to indemnify another against any loss which he may suffer by an act of ours, is surely not an obligation without cause on the part of the principle obligor, and if valid on his part must be equally binding on the person who joins him in the obligation and agrees to indemnify the obligee, if the principal obligor does not. The bond is therefore viewed by this court as a valid obligation on the part of both the principal and his surety."

In like manner though it be true that the law does not require a father to furnish bond in order to become the natural tutor, yet it by no means necessarily follows that either such an obligation would be without cause or void in law. In truth the obligation of the natural tutor is fixed by law independent of a bond, and is amply sufficient for any accessory obligation to attach to it.

*Ilsley*, for defendant:

The present case is somewhat analagous to that of *King* v. *Baker*, 7 Ann. 571, in which case the bond was declared a nullity because the sheriff was not authorized to take such a bond. It was viewed as a judicial bond and therefore exempted from the operation of the rule.

In the cases cited below, it was held that in judicial bonds an additional condition, not contemplated by the legislature, will not bind the surety, and yet it is argued that a bond furnished when the legislature intends that no such bond shall be executed at all, is valid, as a voluntary obligation. See the cases of *Welsh* v. *Thorn*, 16 La. 188. *Slocomb* v. *Robert*, ib. 173. *Welsh* v. *Barrow*, 9 Rob. 535. *Baker* v. *Morrison*, 4 Ann. 373. *Boswell* v. *Rainhart*, 2 La 398.

The case of *Slocomb* v. *Robert* is one of the cases cited in *King* v. *Baker*, 8 Ann. 571, where the bond was declared null in toto.

SLIDELL, C. J. The defendant is surety in an official bond given in favor of the District Judge by a father and natural tutor, conditioned for the faithful administration of his trust. The Judge had no lawful authority to require such bond from the father, and therefore the court below correctly held the bond invalid. The maxim that as a man consents to bind himself so shall he be bound is not fairly applicable to such a judicial bond, which is not in legal contemplation purely voluntary, but is required by the Judge from the parties as the condition for the exercise of a function. If he be entitled to such exercise without bond, its judicial *ex parte* exaction is illegal, and the bond must therefore justly be deemed inoperative against the surety.

Judgment affirmed with costs.