| City of Marshall v. Bailey. |

### THE CITY OF MARSHALL V. JAMES M. BAILEY AND OTHERS.

A city charter provided that the city constable should give good and sufficient security in such form, manner and amount as the city council should direct, subject to the approval of the mayor. The city sued upon the bond of its constable, setting it forth in the petition and alleging that the city council directed that the constable should " give a bond with security in the form and manner of the aforesaid bond, and for the sum therein specified," but without specifying more particularly the directions of the city council : *Held,* that upon general exception, the allegation was sufficient to sustain suit upon the bond as a statutory bond.

But it seems that even though the bond had not been executed in strict conformity to the directions of the city council, yet it was good as a common law bond, and might have been proceeded on as such. See the opinion for authorities cited in support of this proposition.

APPEAL from Harrison.    Tried below before the Hon. C. A. Frazer.

The city of Marshall brought this suit against James M. Bailey as principal, and A. G. Scogin, E. Greer and L. R. Ford as sureties, upon the official bond of said Bailey as city constable of Marshall. The bond was in the sum of one thousand dollars, and was conditioned for the faithful performance of the duties of said Bailey as constable. The breach assigned was his failure to pay over city taxes and fines by him collected to the amount of $782, and for his failure to collect and pay over the sum of $636, taxes due the city.

The plaintiff set out the bond in the petition, and alleged that the act of the legislature incorporating the city required the constable to give bond and sufficient security in such form, manner and amount as the city council should direct, subject to the approval of the mayor; and that the city council "directed that the said J. M. Bailey, constable elected as aforesaid, should give bond with security in the form and manner of the aforesaid bond, and for the sum therein specified."

The defendants filed a general demurrer, and a general denial, together with special answers. The court sustained the demurrer, and the plaintiff declined to amend.

City of Marshall v. Bailey.

*N. H. Wilson,* for the appellant.

MOORE, J.—We are not advised by the record of the reasons which influenced the court below in sustaining the defendant's exceptions to the plaintiff's petition. It is said by counsel that the ground upon which the judgment of the court below was given, was that the directions of the city council not being set out in the petition, it did not sufficiently appear that they had been pursued in drawing the bond. If this was the case, we are of the opinion that the court gave too strict and technical a construction to the plaintiff's petition. The bond was copied in the petition, and its execution and the purpose for which it was given were fully set forth, and these allegations, together with the additional one found in the petition, that "the city council did direct that Bailey should give bond in the form, manner and amount that he did," would seem, when fairly considered, to have authorized the overruling of the exception to the petition upon which the court was called to act. (Warner v. Bailey, 7 Tex., 517; Prewitt v. Farris, 5 Tex., 370.)

But if it appeared that the bond had not been executed in strict conformity to the instructions of the city council, and was not, therefore, to be sustained as a valid statutory bond, we see no reason why it could not have been proceeded upon as a good common law bond. It was voluntarily given, and not under any coercion or extortion by color of office, nor to enable the obligor to enjoy any common law right from which he was otherwise restrained. In the case of Goodman v. Carroll, 2 Humph., 490, the Supreme Court of Tennessee say: "A bond executed by a public officer and his sureties, though not good as a statutory bond, may nevertheless be binding as a voluntary obligation, and an action at common law may be maintained thereupon." And in Justices of the Inferior Court, &c., v. Ennis, 5 Ga., 569, which was a suit on a constable's bond, executed with one surety, where the statute required two or more, it is said: "Our judgment is, that the bond is good as a voluntary bond at common law. It was executed by Bryan and the defendant, duly delivered to the persons authorized

to take it; Bryan entered upon the duties of his office, and in that office made default."

For the error of the court in sustaining the demurrer to the petition, the judgment is reversed and the cause remanded.

Reversed and remanded.