Ingraham, J.
The answer in this case merely alleges that the attachment has been vacated and discharged. It does not aver that the same was improperly issued, or that it was set aside for any such cause. It is usual to vacate an attachment on giving the undertaking, and if the order was made for this reason, that would not affect the undertaking.
Even supposing that the attachment was vacated upon the merits, still it would not discharge an undertaking previously executed and acted on, without an order of the court, directing the same to be void—or by showing that the undertaking was given in a proceeding which was void for want of jurisdiction (Cadwell v. Colgate, 7 Barb., 253).
The answer does not show such to be the case, and further evidence is required to bring this case within that rule.
If it be shown that the attachment was issued without jurisdiction, .the undertaking given thereon may be worthless, under the rule in the case last cited, and cases therein referred to.
Judgment for plaintiff on demurrer, with leave to defendants to answer in twenty days, on payment of costs.