D. A. EDMISTON ET AL. V. CONCHO COUNTY.

Decided May 31, 1899.

**County Treasurer—Official Bond.**

A bond executed by a county treasurer and sureties, payable to the county judge, and conditioned that he faithfully execute the duties of his office and pay over, according to law, all moneys coming into his hands as county treasurer, is good as a common law obligation, and admissible in an action for embezzlement of the funds of the county, though it did not bind the principal to render a just and true account to the commissioners court of the county.

APPEAL from Concho. Tried below before Hon. J. O. WOODWARD.

*R. B. Truly,* for appellants.

No briefs for appellee were on file.

KEY, Associate Justice.—This is a suit by Concho County on a bond executed by D. A. Edmiston, county treasurer, as principal, and the other appellants as sureties.

At the trial in the court below, appellants objected to the introduction in evidence of the bond sued on for the reason that it did not require the principal to render a just and true account to the Commissioners Court of Concho County, as prescribed by statute.

The bond does require Edmiston to render a just and true account to "said court," but there is nothing elsewhere in the bond to show that "said court" referred to the Commissioners Court. However, if it be conceded that, in this respect, the bond was defective as a statutory bond, we are of opinion that it was admissible in evidence. It was a valid common law obligation.   City of Marshall v. Bailey, 27 Texas, 686; Eichoff v. Tidball, 61 Texas, 421.

The bond required Edmiston to faithfully execute the duties of his office and pay over, according to law, all moneys which came into his hands as county treasurer; and the other appellants became sureties for the performance of this obligation.

The plaintiff's petition was so framed as to entitle it to recover upon the bond, either as a statutory or common law obligation. It alleged that Edmiston had been duly elected and qualified as county treasurer; that the bond in question was executed by him and the other defendants; states the conditions of the bond, one of which was that Edmiston should pay over, according to law, all moneys coming into his hands as county treasurer; that he made default and failed to pay over to the county the sum of $486.36 so received by him, which sum he misapplied, embezzled, and converted to his own use, to the county's damage $500. It also alleges a demand by the county upon Edmiston for the payment of the $486.36 and his refusal to pay the same. It also avers that by the terms of the bond and the default referred to, Edmiston and the sureties on the bond became liable and promised to pay to the county the sum of $486.36. It alleges that the bond was made payable to D. W. Hudson, county judge of Concho County and his successors in office, in the sum of $10,000, which, in connection with other averments, sufficiently shows that the bond was executed for the benefit of the county.

In our opinion the trial court did not err in admitting the bond in evidence; and as this is the only question presented in appellant's brief, the judgment will be affirmed.

*Affirmed.*