### J. C. WATKINS v. L. B. MINTER ET AL.

#### No. 2421.    Decided December 1, 1915.

**1.—Lunatic—Custody—Statutory Bond—Common Law Obligation.**

A bond, with sureties, executed by a relative of one adjudged a dangerous lunatic and to be confined as such, was conditioned that the principal "shall faithfully protect and cause to be protected all animal and human life and become responsible for all damages that may hereafter arise from the acts of said" lunatic. Action on such bond alleged that it was voluntarily executed and the release of the lunatic from confinement obtained thereby. The suit was for damages by one assaulted and injured by the lunatic while negligently permitted to be at large by such custodian. Held:

(1) The obligation was not good as a statutory bond under article 140, Revised Statutes, 1895, because payable to the county judge instead of to the State; and because not conditioned as required in said statute, being more onerous.

(2) Being alleged to have been voluntarily executed, the bond was good as a common law obligation; it was not contrary to public policy, being of the same nature as that prescribed by the statute; it was not exacted to obtain a right to which the maker was entitled without bond; and the release of the lunatic from official custody furnished a sufficient consideration; hence a demurrer to the petition was wrongly sustained. (Pp. 430-432.)

**2.—Bond—Action by Beneficiary.**

Action being maintainable by the payee for the benefit of one secured against injury by a bond, such injured person could also himself maintain suit thereon. (P. 433.)

**3.—Certified Question.**

The Supreme Court will not ordinarily look beyond the certificate itself to determine a certified question; but where it arose on a demurrer sustained to plaintiff's petition and the pleading itself was sent up, the court may consider this in answering the question. (P. 432.)

Questions certified from the Court of Civil Appeals for the Sixth District, in an appeal from Hopkins County.

*J. H. Beavers* and *Harris, Suiter & Britton,* for appellant.—A bond,

whether required by statute or not, is good as a common law obligation if entered into voluntarily and for a valid consideration if not repugnant to the letter or policy of the law and all persons of proper age may make such contracts and they will be binding; and a bond or obligation entered into voluntarily and prescribed by statute may not conform to the requirements of the statute, but be so defective as not to be good as a statutory bond, nevertheless such bond is good as a common law obligation and the obligors are responsible just the same as if it had have complied with the statute. Jones v. Hays, 27 Texas, 1; City of Marshall v. Bailey, 27 Texas, 686; Eichoff v. Tidball, 61 Texas, 421; Jacobs v. Daugherty, 78 Texas, 683; Edmiston v. Concho County, 21 Texas Civ. App., 339, 51 S. W., 353; Bank v. Lester, 73 Texas, 542, 11 S. W., 626; Hines v. Norris, 81 S. W., 791.

*D. Thornton,* for appellees.—The bond described was not a statutory bond, same being made by its terms payable to F. W. Patterson, county judge of Hopkins County, Texas, and his successors in office in the sum of $3000, instead of the State of Texas, as is provided by law, and conditioned that appellee L. B. Minter should faithfully protect and cause to be protected all animal and human life and become responsible for all damages that might thereafter arise by reason of the acts of the said lunatic and deliver him into the hands of the said county judge, instead of imposing conditions required by law, less onerous, which are as follows: "Conditioned that they would restrain and take proper care of the lunatic so long as his mental unsoundness continued, or until he was delivered to the sheriff of Hopkins County, or other person." Art. 140, Sayles' Rev. Stats.; Johnson v. Erskine, 9 Texas, 5-11; Wooters v. Smith, 56 Texas, 205-211; Lawton v. State, 5 Texas, 271; Warren v. State, 21 Texas, 510; State v. Vinson, 5 Texas Civ. App., 315, 23 S. W., 807; Schloss v. Railway Co., 85 Texas, 601, 22 S. W., 1015.

The county judge or other officers having no lawful right or authority to deliver the lunatic to appellees except as provided by the statute, and no right to release the lunatic except as provided by the statute, delivering or releasing the lunatic to appellees in law conferred on them no lawful right, and gave them no right to restrain the lunatic. Not having complied with the statute, their agreements were void. Same authorities. Also 5th Amendment to the Constitution of United States, art. 1, sec. 19; art. 618, White's Penal Code; art. 623, White's Penal Code; Allen v. State, 8 Texas Crim., 364; Travis v. Duffau, 20 Texas, 56.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The questions which are certified by the honorable Court of Civil Appeals for our determination arise upon the action of the trial court in sustaining the general demurrer of the defendants there, L. B. Minter, A. H. Minter, and L. A. Lollar, to the petition of the plaintiff in the suit, J. C. Watkins.

The petition contained two counts. Under the first, recovery was sought in the sum of $3000 upon a bond executed by the defendants, which reads as follows:

"Official Bond.

State of Texas,
County of Hopkins.

Know all men by these presents: That we, L. B. Minter as principal, and A. H. Minter and L. A. Lollar as sureties, are held and bound unto F. W. Patterson, county judge of Hopkins County, Texas, and to his successors in office in the sum of $3000 for the payment of which we hereby bind ourselves and our executors and administrators jointly and severally by these presents.

Signed with our hands and dated this the 5th day of Sept., A. D. 1910.

The condition of the above obligation is such that whereas on the 5th day of September, 1910, Claude Minter was duly and legally adjudged a lunatic in Hopkins County, in the State of Texas.

Now, therefore, if the said L. B. Minter shall faithfully protect and cause to be protected all animal and human life and become responsible for all damages that may hereafter arise by reason of the acts of the said Claude Minter and the said L. B. Minter will deliver the said Claude Minter into the hands of F. W. Patterson, county judge, upon demand to be dealt with as the law directs in such cases, then this obligation is to be void, otherwise to remain in full force and effect."

In this connection the averments of the petition, in substance, were that the Claude Minter referred to in the bond, prior to its execution, had been adjudged a lunatic, being then violently insane and dangerous, as was well known to the defendants; that the defendants were his relatives and friends, and executed the bond in order to obtain his custody and to prevent his incarceration in the county jail while awaiting removal to the asylum; that upon the execution of the bond Claude Minter was delivered to the custody of the defendants, who undertook to care for him, but they negligently permitted him to go without restraint, during which time he came unexpectedly into the plaintiff's residence and assaulted him with a knife, inflicting upon him serious injuries. The certificate states that the averments of the petition are sufficient to constitute a cause of action, if the bond, executed under the circumstances related, will support the action.

In the second count, the averments in respect to the insanity of Claude Minter and his having been adjudged a lunatic, were reiterated; it being further alleged, in effect, that the defendants, on account of their relationship and friendship for him, desired to have charge of him pending his removal to the asylum; and promised and obligated themselves to the county judge and other officers of the county that they would control him and be responsible for all damages to the person or property of others that he might cause, and would return him to such officers on demand, if permitted to have his custody; that upon such promise and obligation, he was delivered into their possession by

the county officials; that the defendants thereupon became responsible for his control and restraint, but shortly afterwards negligently permitted him to escape and go to the plaintiff's house and commit an assault upon him with a knife, causing his damages in the sum of $3000, which would not have occurred had they exercised ordinary care in his management and control.

. The questions certified are as follows:

Did the petition state a good cause of action on the bond?

If not, did it state a good cause of action for common law negligence?

Did the court err in sustaining the general demurrer?

At the time of the execution of the bond, September 5, 1910, article 140, Revised Statutes of 1895, governed the terms in which a bond of this nature was required to be executed. It read:

"No warrant to convey a lunatic to the asylum shall issue if some relative or friend of the lunatic will undertake, before the county judge, his care and restraint, and will execute a bond in a 'sum to be fixed by the county judge, payable to the State, with two or more good and sufficient sureties to be approved by the county judge, conditioned that the party giving such bond will restrain and take proper care of the lunatic so long as his mental unsoundness continues, or until he is delivered to the sheriff of the county or other person, to be proceeded with according to law; which bond shall be filed with and constitute a part of the record of the proceeding, and may be sued and recovered upon by any party injured, in his own name."

The bond here differs from the bond of the statute in having been made payable to the county judge of Hopkins County, instead of the State, and in carrying a somewhat onerous condition. It can not, therefore, be sustained as a statutory bond. Johnson v. Erskine, 9 Texas, 1.

Under the averments of the petition it was good, however, as a common law obligation.

The rule which controls the question is clearly stated in Leona Irr. Man. & Canal Co. v. Roberts, Governor, 62 Texas, 615:

" 'The general rule is that a bond, whether required by statute or not, is good at common law if entered into voluntarily, and for a valid consideration, and if not repugnant to the letter or policy of the law.' Thompson v. Buckhannon, 2 J. J. Marsh., 416. All persons of proper age and discretion may make such contracts, and they will be binding although one of the parties was the superior of the other in authority, provided they stood upon equal terms in making the contract. But if the bond is exacted *colore officii,* or as the condition to some act or proceeding to which the party would be entitled without giving the bond, it will be void for duress. Germond v. People, 1 Hill (N. Y.), 343; Perry v. Hensley, 14 B. Mon. (Ky.), 474, 61 Am. Dec., 164; Ancoin v. Guillot, 10 La. Ann., 124; United States v. Tingey, 5 Pet., 115; United States v. Bradley, 10 Pet., 361.

"Such is the result of all the decisions bearing upon this question,

and the principle derived from them is decisive of this appeal. Eichoff v. Tidball, 61 Texas, 421; Wooters v. Smith, 56 Texas, 199; Dignan v. Shields, 51 Texas, 322; Alexander v. Silbernagel, 27 La. Ann., 557; Harris v. Simpson, 4 Litt. (Ky.), 165, 14 Am. Dec., 101; Churchill v. Perkins, 5 Mass., 541; Hawes v. Marchant, 1 Curt., 150, and the authorities already cited."

Its definite expression is also found in City of Marshall v. Bailey, 27 Texas, 686, and Colorado City National Bank v. Lester & Hazzard, 73 Texas, 542, 11 S. W., 626; and application of it is made in the further cases of Jacobs v. Daugherty, 78 Texas, 682, 15 S. W., 160; Edmiston v. Concho County, 21 Texas Civ. App., 339, 51 S. W., 353, and Hines v. Norris, 81 S. W., 791.

The bond was not opposed to the policy of the law; the statute required a bond of its general nature as a condition for the release of an insane person from custody. For the same reason it was not exacted in relation to a right which the defendants were entitled to exercise without the giving of any bond. It was supported by a sufficient consideration,—the discharge of Claude Minter from custody. Its validity as a common law obligation is, therefore, to be determined according to whether its execution and delivery was voluntary. The certificate of the Court of Civil Appeals in its recital of the contents of the first count of the plaintiff's petition, does not reveal the state of the pleading in this particular. In answering a certified question our practice is to predicate the answer solely upon the statement of the case as contained in the certificate of the Court of Civil Appeals. If we look merely to the certificate, our answer to the present question would necessarily be hypothetical. The petition itself, as contained in the transcript of the record of the case, accompanies the certificate and is before us. It shows that recovery was sought upon the bond as a common law obligation in the event it should be held insufficient as a statutory obligation. In that part of the petition it is distinctly alleged that the bond was executed and delivered by the defendants, voluntarily and of their own accord, for the purpose of obtaining Claude Minter's custody and control. It appears to have been framed with the rule to which we have adverted in the mind of the pleader. As the question certified turns on the state of the pleading, we will, in the present case, look beyond the certificate to the averments of the petition. Under the allegation that the execution and delivery of the bond was altogether voluntary on the part of the defendants, the petition stated a cause of action on the bond as a common law obligation, and the first question certified is accordingly answered in the affirmative. According to the petition the defendants obtained Claude Minter's release from custody without giving the bond which the statute required, but through a bond, the terms of which they voluntarily imposed upon themselves. If it was given under such circumstances, they are in no position to say, accomplishing as it did the full purpose of the statutory bond,

that it was extorted from them; and no sound reason can be advanced why it should not be enforced.

Being only a common law obligation, the bond derives no aid from the statute, but its terms are such as to clearly render it enforcible without reference to the statute. Its condition is that the principal of the bond, L. B. Minter, will faithfully protect and cause to be protected all human and animal life from the acts of the insane person released into his care, and will be responsible for all damages that might arise by reason of such person's acts. Under these terms it is plain that a suit could be maintained on the bond by the obligee therein for the use of anyone injured as the result of L. B. Minter's negligence in his restraint of the lunatic; and a person for whose use such a suit might be maintained, could, himself, prosecute it. Martel v. Somers, 26 Texas, 551; Smith v. Wingate, 61 Texas, 54.

It follows that the trial court erred in sustaining a general demurrer to the petition. Under our answer to the first question, a determination of the second question is unnecessary.