CHARLES F. A. HUMMEL ET AL. v. NATHALIE DEL GRECO.

Decided November 8, 1905.

**1.—Jurisdiction—District Court—Bond to Legatee.**

The District Court has jurisdiction of a suit on a bond given to a legatee under a will to secure payment of a legacy of $2,000 and thereby avoid the necessity of an administration with the will annexed.

**2.—Bond—Securing Legatee—Liability.**

A bond given by an heir to secure a legatee in the payment of a legacy in the event a will is probated, fastens upon the obligors an absolute liability upon the happening of such event.

**3.—Same—Effect of Appeal.**

That an appeal was pending from the order probating the will when the bond was executed, did not affect the liability of the obligors, the appeal finally resulting in affirmance of the judgment probating the will.

**4.—Same—Common Law Obligation—Public Policy.**

If the bond was not good as a statutory bond, yet, as it had been voluntarily executed and had served the purpose of the principal and defeated the legatee's right to have the estate administered and the legacy paid in due course thereof, it was valid and binding as a common law obligation and the obligors could not urge that it contravened any principle of public policy.

**5.—Same—Legatee—Creditor of Estate.**

A legatee, it seems, is a "creditor" of a solvent estate when the will has been established and comes within the spirit of the statute providing that those interested in an estate who do not desire an administration thereon may, when administration is applied for by a creditor, defeat the application by giving a bond securing the creditor's debt. Rev. Stats., art. 1896.

**6.—Same—Amount of Recovery.**

Upon the establishment of the will the obligee in the bond was entitled to recover the amount of the legacy, regardless of any indebtedness against the testator's estate.

**7.—Same—Plea—Indebtedness of Estate.**

In any event a plea alleging that the estate was indebted to creditors mentioned was bad where it failed to show that the assets of the estate were insufficient to pay the debts and the legacy.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dwyer.

*Bryan Callaghan,* for appellants.

*Ball & Ingrum,* for appellee.—1. The bond being voluntarily offered by the makers and accepted by the legatee as security for her legacy, and relied upon by her, and refraining from any further prosecuting the administration, was good as a common-law bond. Jones v. Hayes, 27 Texas, 1; Bank v. Lester, 73 Texas, 542; Jacobs v. Daugherty, 78 Texas, 682; Hines v. Norris, 81 Texas, 791; State v. Hoen, 7 S. W. Rep., 116; Edmiston v. Concho Co., 51 S. W. Rep., 353; Goodwin v. Bunzl, 102 N. Y., 225; Pingry on Surety and Guaranty, sec. 309; 5 Cyc., pp. 748, 749.

2. The bond is in compliance with article 1896, Revised Statutes of Texas, and, as no administration was in fact pending, it was proper to offer such a bond, and it is a good statutory bond. Headly v. Good, 24 Texas, 232; Thomas v. Burnie Bros., 66 Texas, 235; Cole's Will, 52 Wis., 591; Laferty v. Bank, 76 Mich., 85; Jenkins v. Wood, 2 N. E. Rep., 780; Collins v. Collins, 5 N. E. Rep., 632; Schoulers' Ex. and Adm'n, sec. 138; Croswell's Ex. and Adm'n, sec. 85; The Am. Law. Adm'n (Woerner), secs. 202, 260; 11 Am. & Eng. Ency. Law (2d ed.), p. 867.

NEILL, ASSOCIATE JUSTICE.—On the 28th of September, 1904, the appellee, Nathalie del Greco, filed this suit against the appellants. Charles F. A. Hummel, Ed Tewes and Otto Wahrmund, to recover of the first named appellant as principal, and the other two as sureties,

$2,000, with interest thereon from the 24th day of June, 1904, at the rate of six percent per annum, on the following instrument or writing, to wit:

"No. 3495.   The State of Texas, County of Bexar.   In the matter of the Estate of Chas. Hummel, deceased.

"Know all men by these presents, that I, Chas. F. A. Hummel, of Bexar County, Texas, as principal, and Ed Tewes and Otto Wahrmund as sureties, also of said State and county, are firmly bound to Robert B. Green, county judge of Bexar County, Texas, and to his successors in office, in the sum of five thousand dollars, conditioned: That the said Chas. F. A. Hummel, or his legal representative, will pay Nathalie del Greco, of the city of Nancy, Republic of France, a certain debt claimed to be due her by the estate of Charles Hummel, deceased, for the sum of two thousand dollars, as a legatee of Charles Hummel, deceased, under and by virtue of a certain legacy in the aforesaid sum bequeathed her in a purported last will and testament of the said Charles Hummel, deceased, dated April 13, 1888, upon the establishment thereof in any court having jurisdiction.

"Witness our hands, this 15th day of March, A. D. 1904.

"Chas. F. A. Hummel,
(Signed)   "Ed Tewes,
"Otto Wahrmund."

The appellants answered (1) by a plea to the jurisdiction of the District Court, claiming that the County Court of Bexar County, sitting in matters probate, has alone original jurisdiction to try the matter in controversy, basing such claim upon the proceedings in probate set out in our conclusions of fact; (2) by the following special exceptions: (a) "For further special exception these defendants say that there was no consideration moving between plaintiff and these defendants to maintain the execution of the bond made the cause of action in this suit, for this, that the said bond was executed under article 1896 of the Probate Act, which authorizes those parties interested in an estate to prevent an administration on the application of a creditor, by giving bond to secure said creditor or creditors. A legatee is not a creditor within the meaning of the statute. A legatee is a person interested in the estate;" (b) for further exception defendants say that plaintiff ought not to recover from defendants, because they say that the estate of Charles Hummel, deceased, is heavily indebted to divers creditors, as follows (here the names of alleged creditors, and amounts due them, are set out); (c) further excepting, defendants say that plaintiff ought not to recover from defendants, because they say that said plaintiff has not obtained the assent of the administrator or executor to the legacy claimed by the said plaintiff, as aforesaid, and that said legacy claimed by plaintiff herein is not payable in preference to the debts of the estate of Charles Hummel, deceased, but is subject and subordinate thereto, and of this they pray judgment; and (3) a general denial.

The cause was tried without a jury, the plea to the jurisdiction and special exceptions overruled, and judgment rendered in favor of the appellee for the amount sued for.

*Conclusions of fact.*—As there is no assignment predicated upon the conclusions of fact found by the trial judge, and they are supported by the evidence, we will adopt them as our own. They are as follows:

"1. On the 2d day of February, 1903, Chas. F. A. Hummel filed his petition in the Probate Court of Bexar County, Texas, alleging the assets of the estate of Chas. Hummel, deceased, at $14,000, and debts at $6,000, and asking that letters of administration be granted to him upon the estate of Chas. Hummel, deceased, and alleging that Chas. Hummel, deceased, died intestate. The cause in the Probate Court being number 3495, on February 14, 1903, Nathalie del Greco filed her petition for intervention in the said cause number 3495 in the Probate Court of Bexar County, Texas, alleging that Chas. Hummel, deceased, died testate as to a part of his property, and asking for the probate of the will of Chas. Hummel, deceased, and joined the petitioner, Chas. F. A. Hummel, in his petition, and asked that he be appointed administrator with will annexed. On the 13th day of May, 1903, after due notice, as required by law, the said cause number 3495 was tried in the Probate Court of Bexar County, Texas, and the will of Chas. Hummel, deceased, was probated, and Chas. F. A. Hummel was appointed administrator with will annexed, and it was ordered that letters of administration with will annexed be granted to him upon his executing a bond in the sum of $36,000, and appraisers were appointed. Chas. F. A. Hummel, within the time required by law, appealed from the judgment of the Probate Court probating the will of Chas. Hummel, deceased, to the District Court of the Thirty-seventh Judicial District of Bexar County, Texas, but did not appeal from the order of the court appointing him as administrator. On the 27th day of February, 1904, upon a trial in the District Court of the Thirty-seventh Judicial District, in cause number 14,728, the will of Chas. Hummel, deceased, was again probated, and the decree probating the same was duly entered in the minutes of the District Court of the Thirty-seventh Judicial District of Bexar County, Texas, to which judgment in probating the will Chas. F. A. Hummel excepted and gave notice of appeal to the Court of Civil Appeals of the Fourth Supreme Judicial District, and within the time required by law perfected his appeal by filing an appeal bond, as required by law, and that afterwards, to wit, on the 25th day of June, 1904, the Court of Civil Appeals of the Fourth Supreme Judicial District affirmed the judgment of the District Court probating said will, affirming the same upon certificate because of the failure to file transcript in time, and no appeal was taken therefrom; and on the 12th day of July, 1904, the mandate from the said Court of Civil Appeals was filed in the clerk's office of the District Court of the Thirty-seventh Judicial District, and afterwards, on the 13th day of July, 1904, a certified copy of said mandate.and of the judgment of the District Court probating said will was filed in cause number 3495, styled In re Estate of Chas. Hummel, deceased, in the Probate Court of Bexar County, Texas.

"2. That the will of Chas. Hummel, deceased, was duly probated by a court having final jurisdiction of the same, a true copy of which, and the probate of the same, is set out in the decree attached to plaintiff's

original petition, and marked 'Exhibit B,' which is hereby referred to and made a part of these conclusions of fact.

"3.   That on the 30th day of December, 1903, Nathalie del Greco, plaintiff in this case, filed her application in the Probate Court of Bexar County, Texas, praying that letters of administration with will annexed be granted to some suitable person, and stating that she was a legatee under the will of Chas. Hummel, deceased, in which he had left her $2,000, and also stating that Chas. F. A. Hummel, who had been previously appointed administrator with will annexed, had failed and refused to qualify, and that the estate was without an administrator.

"That afterwards, and on the 15th day of March, 1904, Nathalie del Greco filed a supplemental petition showing to the court that the will had been duly probated on the 27th day of February, 1904, and a certified copy ordered filed in the Probate Court, and renewing her petition for administration, and that afterwards, to wit, on the 29th day of March, 1904, the said application, after notice being duly given as required by law, was heard by the court, the said Chas. F. A. Hummel appearing in said cause and filing his motion to dismiss the said application for administration, and at the same time tendered a bond for the purpose of defeating administration, which petition for administration and the motion to dismiss and tender of the bond were duly heard by the court, and administration refused, and the bond accepted by both the court and the said Nathalie del Greco, and was ordered filed and placed of record upon the minutes of the Probate Court of Bexar County, Texas, a copy of which said bond is attached to plaintiff's original petition and marked 'Exhibit A,' and is hereby referred to and made a part of these conclusions of fact.

"That said bond was voluntarily made by Chas. F. A. Hummel and his sureties, Ed Tewes and Otto Wahrmund, and was accepted and received by Nathalie del Greco as security for the payment of her legacy of $2,000 and in lieu of administration upon the estate of Chas. Hummel, deceased, and has been relied upon by her for the payment of said legacy ever since the same was tendered by the said Chas. F. A. Hummel and his sureties; that demand was made upon Chas. F. A. Hummel and his sureties for the payment of said legacy of $2,000 by the plaintiff in this case immediately after the probate of the will in the District Court of the Thirty-seventh Judicial District was affirmed on the certificate of the Court of Civil Appeals, and payment was refused, and said legacy has never been paid.

"4.   That Chas. F. A. Hummel, has never qualified as administrator of the estate of Chas. Hummel, deceased, nor has anyone ever been appointed administrator except the said Chas. F. A. Hummel, who has failed and refused to at any time qualify, and said estate has been up to the time of this trial without an administrator.

"5.   That Chas. F. A. Hummel is principal on the bond which this suit is based, and Ed Tewes and Otto Warmund are sureties.

"6.   That Chas. F. A. Hummel is the sole heir of Chas. Hummel, deceased.

"7.   That the bond herein sued upon is based upon a good and valuable consideration."

*Conclusions of Law.*—1. If the petition in this case states a cause of action, no other State court than the District Court has original jurisdiction to try it, for the amount in controversy, exclusive of interest, exceeds a thousand dollars. The probate of the will *ipso facto* established the legacy bequeathed as a charge upon the estate of the testator. The bond sued upon was executed to secure plaintiff, as legatee, in its payment, in event the will was probated; thereby fastening upon appellants the absolute liability to appellee upon the happening of such event. Its purpose was to defeat the application of appellee, as legatee, to have an administrator of the estate ·of decedent appointed with the will annexed, and enable the principal in the bond, appellant Chas. F. A. Hummel, to obtain and hold possession of its assets free from charge of administration; thus preventing appellee from exercising her right to collect her legacy through the medium of the Probate Court. This purpose having been attained by appellant Hummel, and such right of appellee defeated, we can perceive no reason why appellants should not be so bound by the court as they bound themselves by their bond.

2. The appeal pending when the bond sued on was executed was from the order probating the will. The execution of the bond did not and could not affect the matter involved in the appeal of the action of the court in disposing of the question to be determined. The result of the appeal simply determined the question of appellants' liability on the bond. Had the appeal resulted in denying probate of the will, there would have been no legacy and no liability. But as the judgment probating the will was affirmed, appellee's right to the legacy was established, the condition which made appellants liable on their bond per- formed, and they became absolutely liable thereon to the legatee.

3. Let it be conceded that the bond sued upon was not a statutory bond, and that it should not have effected the purpose for which it was executed, i e., defeated the legatee's right to have the estate of decedent administered upon and her legacy paid in process of administration. It was nevertheless a common law bond, and through it appellants' (Hummels) purpose was accomplished and appellee's right defeated. The bond having had this effect, and being a valid and binding common law obligation, appellants must be held to discharge the obligation imposed upon themselves by its terms. Jones v. Hays, 27 Texas, 1; Bank v. Lester, 73 Texas, 543; Jacobs v. Daugherty, 78 Texas, 683; Edmiston v. Concho Co., 21 Texas Civ. App., 339, 51 S.. W. Rep., 353; Hines v. Norris, 81 S. W. Rep., 791; Mariany v. LeMaire, 83 S. W. Rep., 215; Goodwin v. Banzel, 102 N. Y., 225; Pingry on Sur. & Guar., sec. 309. This bond was not only voluntarily given by appellants, but they solicited and requested the privilege of making it in order that appellant Hummel might accomplish his purpose. They can not complain that it contravenes any principle of public policy.

But we are not prepared to hold, in view of the facts, that the bond is not such as is contemplated by article 1896, Revised Statutes of 1895. While a legatee is not in the strict meaning of the word a "creditor" of an estate, he is in effect a creditor of a solvent estate when the will bequeathing the legacy is established, and it would seem, if not within the letter, within the spirit of the statute for those interested in an estate, when an application for administration on it is made,

who do not desire an administration thereupon, to defeat such administration by executing such a bond as is provided by subdivision 3 of said article.

3. The fifth assignment of error, which is the next one insisted upon, complains of the court's sustaining plaintiff's special exception to defendants' answer. The statement under the proposition subjoined to this assignment does not indicate what the exception sustained was, nor inform us where in the record it can be found. A search through the record by us for such an exception has proven unavailing, though it appears from the judgment of the trial court that a special exception of plaintiff to defendants' answer was sustained. It would seem, however, from the way the assignment is treated by both parties that the exception was directed against that part of the answer referred to in our statement of the pleadings as special exception "b." While this is by the pleader, through inadvertence, denominated, as are other parts of the answer, a special exception, it can not be so considered as such, unless it should be deemed what the old common law pleaders called a "speaking demurrer"—which is no demurrer at all. It will, therefore, be taken and considered as though intended for a plea in bar of plaintiff's action. As we are not informed what the exception sustained to it was, we must consider any valid exceptions that may have been interposed; and assume, in favor of the judgment of the court, that it was made to the plea. It must be kept in mind that this is a suit to recover for the breach of a written contract; and, the execution of the contract not being denied, the only questions that could be raised (assuming the District Court had jurisdiction) are: Is the contract valid, has it been breached, and what is the extent of the defendant's liability? The matters set up in the plea under consideration have no relation to the first two questions,—the first of which we have just determined adversely to appellants and the second not denied—and can relate only to the third, i. e., the extent of defendants' liability. This must be determined from the contract itself. It binds the makers of the instrument absolutely to pay plaintiff the amount of the legacy upon the establishment of the will. There is no other condition. This condition being performed, the defendants must perform their contract, regardless of the amount of indebtedness against the estate of the testator. Besides, if this were not so, the plea fails to show that the assets of the estate are insufficient to pay all of its indebtedness as well as the legacy. Therefore the matters set out in the plea in question afford no defense to plaintiff's action.

It was proper for the court to render, as it did do, judgment in favor of plaintiff against defendants, ordering execution issue first against the principal on the bond and next against the sureties, for no lien was asserted or sought to be foreclosed by plaintiff on the property of the estate of decedent.

The judgment is affirmed.

*Affirmed.*